```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
DAVID S. BRAUN,               )
                              )
           Plaintiff,         )
                              )
      v.                      ) Civ. Action No. 17-1050 (EGS)
                              )
OFFICE OF MANAGEMENT AND      )
BUDGET,                       )
                              )
           Defendant.         )
_____)
```

## MEMORANDUM OPINION

Plaintiff, David Steven Braun, alleges that defendant, Office of Management and Budget ("OMB"), must be compelled to "process and settle" four claims that Mr. Braun has submitted to federal agencies requesting various forms of relief. Mr. Braun asserts that such an order would be proper under the Barring Act, 31 U.S.C. § 3702(a)(4), which he submits requires the federal government to settle all claims.

Pending before the court are three motions. First, OMB moves to dismiss Mr. Braun's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot. to Dismiss, ECF No. 12. Second, Mr. Braun asks that the Court order OMB to process one of his four claims "independently from the other three." *See* Pl.'s Mot. to Process Fourth Claim, ECF No. 15. Third, Mr. Braun requests that the Court schedule a Rule 16 conference so that the parties can move toward summary judgment. *See* Pl.'s Mot. for

a Rule 16(b)(1)(B) Conf., ECF No. 17. For the following reasons, the Court **GRANTS** OMB's motion to dismiss, and **DENIES** Mr. Braun's motion to process the fourth claim and motion for a Rule 16 conference as moot.

I. BACKGROUND

   A. Factual Background

Mr. Braun asserts that the basis of this lawsuit are four claims that he has submitted to various agencies. *See* Compl., ECF No. 1 at 1.[1] Specifically, he points to the following four claims:

> a. Claim Exhibit 1 shows the submission of a claim based on a [National Security Agency] record request denial. This falls under the Privacy Act.
>
> b. Claim Exhibit 2 shows a claim submission based on a [Federal Communications Commission] record request denial. This claim is governed buy[2] the Privacy Act.
>
> c. Claim Exhibit 3 shows a claim submission based on a [Federal Bureau of Investigation]

---

[1] Mr. Braun does not number all of the paragraphs in his complaint, nor does his complaint contain page numbers. As such, for ease of reference, the Court refers to both the paragraph numbers (where available) and the page numbers designated by ECF when citing to the complaint. Likewise, because Mr. Braun does not include page numbers on the exhibits to his complaint or his motion papers, the Court refers to the page numbers designated by ECF when citing to these documents.

[2] Mr. Braun's complaint and motion papers are riddled with significant spelling and grammatical errors. Accordingly, the Court does not include [sic] after each error when quoting Mr. Braun's complaint or motion papers.

>record request denial. This claim is
>Governed buy the Privacy Act.
>
>d. Claim Exhibit 4 shows a claim that was
>based on add hock court cases and tort
>submissions as well as one privacy act case.
>This was small and intended to be processed
>easily and quickly.

Compl. ¶ 1, ECF No. 1 at 2.

Mr. Braun also attaches 33 pages of exhibits to his complaint. *See* ECF No. 1-1. Mr. Braun's exhibits indicate that the first claim at issue in this lawsuit was created "when the [National Security Agency] FOIA/PA office denied [his] record request for result of investigation/contacts" that he had made to that agency. Compl. Ex. 1, ECF No. 1-1 at 1. Mr. Braun states that he "did notify the agency that [he] believed [he] had a claim with a standard form 95 on 2/3/2014." *Id.*[3] Mr. Braun acknowledges that a magistrate judge in a federal civil suit related to his records request to the National Security Agency dismissed Mr. Braun's case after finding that the records were properly withheld by the agency. *Id.*

Mr. Braun's second claim was submitted to OMB as an "official request to initiate a settlement/claim against the US government for correcting the liability that was created when

---

[3] Standard Form 95 is a form developed by the Department of Justice to facilitate agency processing of claims under the Federal Tort Claims Act. *Chung v. Chao*, 518 F. Supp. 2d 270, 272 n.2 (D.D.C. 2007).

3

the [Federal Communications Commission] Denied [his] [FOIA] request's for results off investigation from the consumer call Center and [Federal Communications Commission] Enforcement." Compl. Ex. 2, ECF 1-1 at 2. Mr. Braun again acknowledges that a federal court upheld the agency's denial of his record request. *Id.* Mr. Braun further asserts that, after the denial of his request, he submitted a claim on Standard Form 95 to the Federal Communications Commission in which he had requested $300,000 "a month for life in financial assistance." *Id.*

Mr. Braun's third claim was also submitted to OMB. This claim related to the Federal Bureau of Investigation's denial of a "records request for all off the results for requested criminal investigations." Compl. Ex. 3, ECF No. 1-1 at 3. Mr. Braun again acknowledges that a federal court found that the records were properly withheld and again asserts that he submitted a Standard Form 95 requesting damages. *See id.*, ECF No. 1-1 at 6, 10.

Finally, Mr. Braun's fourth claim to OMB is based on a tort claim submitted to the Social Security Administration. *See* Compl. Ex. 4, ECF No. 1-1 at 11-13. This claim appears to stem from the Social Security Administration's delay in approving Mr. Braun's request for disability payments. *Id.* at 11.

In this lawsuit, Mr. Braun asserts that, pursuant to 31 U.S.C. § 3702(a)(4), "the Federal Government is required to

settle all claims." Compl., ECF No. 1 at 4. Accordingly, he asks that OMB "simply introduce an Attorney and process and Seattle the submitted claims as it would for any other US citizen." *Id.* at 5. Mr. Braun also requests that the Court "unbundle[]" the four claims and process the fourth claim on an expedited basis. *See* Pl.'s Mot. to Process the Fourth Claim, ECF No. 15. Finally, Mr. Braun requests a Rule 16 conference to "discuss facilitating settlement . . . or setting a scheduling order for say putting the 4 claims on the docket as a summary judgment and allowing the bench to process the claim as a Judgment." *See* Pl.'s Mot. for Rule 16(b)(1)(B) Conf., ECF No. 17.

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

Despite this liberal pleading standard, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

5

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when the facts pled in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.*

"[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (internal quotation marks omitted). In addition, the court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). A "*pro se* complaint is entitled to liberal construction." *Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009) (citation omitted). Even so, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Mr. Braun brings this lawsuit pursuant to the Barring Act, 31 U.S.C. § 3702(a). In relevant part, that statute provides:

6

> (a) Except as provided in this chapter or another law, all claims of or against the United States Government shall be settled as follows:
>
> (1) The Secretary of Defense shall settle--
>
> (A) claims involving uniformed service members' pay, allowances, travel, transportation, payments for unused accrued leave, retired pay, and survivor benefits; and
>
> (B) claims by transportation carriers involving amounts collected from them for loss or damage incurred to property incident to shipment at Government expense.
>
> (2) The Director of the Office of Personnel Management shall settle claims involving Federal civilian employees' compensation and leave.
>
> (3) The Administrator of General Services shall settle claims involving expenses incurred by Federal civilian employees for official travel and transportation, and for relocation expenses incident to transfers of official duty station.
>
> (4) The Director of the Office of Management and Budget shall settle claims not otherwise provided for by this subsection or another provision of law.

*Id.* Mr. Braun points to this last provision which requires OMB to "settle claims not otherwise provided for" as support for his requested relief – i.e., an order compelling OMB to process the four outstanding claims previously submitted by Mr. Braun to various agencies.

In its motion to dismiss, OMB asserts that Mr. Braun's lawsuit must be dismissed because the four claims arise under other, specific statutes, thereby precluding recovering under the Barring Act. *See* Def.'s Mot. to Dismiss, ECF No. 12 at 5. Specifically, because Mr. Braun's claims arise under the Privacy Act and the Social Security Act, OMB argues that they are not subject to the catch-all provision of the Barring Act. *Id.* (citing West's Fed. Admin. Prac. § 516).[4]

The Barring Act specifically directs OMB to settle claims "not otherwise provided for by this subsection or another provision of law." 31 U.S.C. § 3702(a)(4). Here, three of Mr. Braun's claims are governed by the Privacy Act, while the fourth is governed by the Social Security Act. *See generally* Compl. and Exs. 1-3, ECF Nos. 1 and 1-1. Mr. Braun's only remedy for a denial of access to records under the Privacy Act is an order to the agency to provide the improperly withheld records. 5 U.S.C. § 552(a)(g)(3)(A). The Court may also order the agency to pay reasonable attorneys' fees. *Id.* § 552(a)(g)(3)(B). Plaintiff is not entitled to any other damages. Because these provisions of the Privacy Act govern Mr. Braun's first three claims, he cannot

---

[4] Although the treatise cited pertains to the Government Accountability Office – an agency that reports to Congress and is not part of the executive branch – the treatise explains that the Legislative Branch Appropriations Act of 1996 transferred claim settlement authority from the Government Accountability Office to OMB. *See* West's Fed. Admin. Prac. § 516 n.1.

pursue these claims under the Barring Act. *See* 31 U.S.C. § 3702(a) (explaining that the section applies "[e]xcept as provided in this chapter or another law"). Likewise, the Social Security Act sets forth the sole basis for challenging a denial of disability benefits, and damages are not available to Mr. Braun under that Act. *See* 42 U.S.C. § 405(g); *Rattler v. Sec. of Health and Human Servs.*, No. 11-cv-729, 2011 WL 3841604 (D.D.C. 2011). Accordingly, Mr. Braun may not pursue his fourth claim under the Barring Act either. Therefore, OMB's motion to dismiss the complaint is **GRANTED**, and this case is **DISMISSED**. Moreover, in light of the dismissal of Mr. Braun's claims, his motion to process the fourth claim independently is denied as moot, as is his motion for a scheduling conference. An appropriate Order accompanies this Memorandum Opinion.

    **SO ORDERED.**

**SIGNED:**    **Emmet G. Sullivan**
               **United States District Judge**
               **March 20, 2018**